# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-1-MOC-WCM

| | |
|---|---|
| MICHAEL JAMES GOSNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GEORGE WASHINGTON [SIC] BUSH ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the following motions: (1) Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2); and (2) Defendant's Motion to Dismiss (Doc. No. 6).

## I. BACKGROUND

On January 2, 2020, pro se Plaintiff Robert Gosnell filed this action against the former U.S. President George Walker Bush (incorrectly named as "George Washington Bush"). Plaintiff Gosnell states that he resides in North Carolina and indicates that "defendant resides in a county in the state of Texas." The Complaint appears to assert a claim for "assault" or "committing assault." Plaintiff Gosnell also asserts a "claim for conspiracy," asserting that "the actions of the defendant will be found to fall under the description of conspiracy and/or conspiring against plaintiff."

On January 22, 2020, Defendant filed the pending motion to dismiss under Rules 12(b)(2), (4), (5) and (6) of the Federal Rules of Civil Procedure. (Doc. No. 3). On January 28, 2020, the Court ordered Plaintiff to respond within fourteen days. (Doc. No. 11). Plaintiff filed his response on February 11, 2010. Therefore, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Defendant has filed a motion to dismiss under Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of a complaint for lack of personal jurisdiction. For this Court to exercise personal jurisdiction over a non-resident defendant, the exercise of jurisdiction must: (1) be authorized by North Carolina's long-arm statute, N.C.G.S. § 1-75.4, and (2) comport with Fourteenth Amendment Due Process requirements. Christian Sci. Bd. of Dirs. Of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). North Carolina's long-arm statute extends jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause and the analysis is under the constitutional standard. Where jurisdiction is sought to be established by general or specific jurisdiction, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (citing Int'l Shoe, 326 U.S. at 316).

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) provide for dismissal of a complaint for insufficient process and insufficient service of process.

Finally, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. Id.

## III. DISCUSSION

The Court first addresses Plaintiff's motion to proceed in forma pauperis. In support, the Court has considered Plaintiff's affidavit, which shows that Plaintiff received $1180 in monthly income during the past twelve months, and he expects to receive the same amount next month. (Doc. No. 2 at 2). Plaintiff states that he has at least $75 in cash and $75 in a savings account. (Id.). Plaintiff reports around $960 in monthly expenses. (Id. at 4-5). In explaining why he cannot pay the costs of these proceedings, Plaintiff states that he is more than $4000 in debt, not including medical bills. (Id. at 5). The Court is satisfied that Plaintiff does not have sufficient funds with which to pay the filing fee. Therefore, Plaintiff's motion will be granted.

The Court grants Defendant's motion to dismiss for the reasons articulated in Defendant's brief. First, Plaintiff alleges no facts forming a basis for an assertion that President Bush is subject to general or specific personal jurisdiction in North Carolina. Specifically, Plaintiff makes no allegations concerning alleged actions taken by President Bush in North Carolina or directed at North Carolina. Rather, the Complaint mentions alleged events in Washington, D.C. many years ago and conclusory statements about "assault," "being assaulted," and "conspiracy," with no identification of any connection to North Carolina of the alleged "activities" alleged to have taken place. While the Court should construe all relevant allegations in the light most favorable to Plaintiff, "the Court need not 'credit conclusory allegations or draw farfetched inferences.'" Vision Motor Cars, Inc. v. Valor Motor Co., 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013) (quoting Masselli & Lane, PC v. Miller & Schuh, PA, 215 F.3d 1320, 2000 WL 691100, at *1 (4th Cir. 2000)).

Next, as Plaintiff's service of process in this matter, Plaintiff did not obtain and forward a Summons properly issued by the Court, nor did Plaintiff seek waiver of service of process from Defendant as required where formal service is not achieved. Accordingly, Defendant is entitled

3

to dismissal under Rule 12(b)(2) or, in the alternative and additionally, Rules 12(b)(4), (5), and (6).

Finally, Plaintiff's complaint sets out allegations that are difficult to follow and do not amount to a statement of actual events that could give rise to a claim for relief. While pleading rules are designed to require only a "short and plain statement of the claim showing the pleader is entitled to relief," a plausible claim still must be presented. Twombly, 550 U.S. at 555. There must be allegations that, if true, would allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 556. A plausible claim is not contained in Plaintiff's pleading, and Defendant is entitled under Rule 12(b)(6) to dismissal of the Complaint for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**;

(2) Defendant's Motion to Dismiss, (Doc. No. 6), is **GRANTED**, and this matter is dismissed with prejudice.

(3) The Clerk is directed to terminate this action.

Signed: March 10, 2020

Max O. Cogburn Jr
United States District Judge